UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:19-CV-03288-NCC |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Andrew M. Saul's Motion to Dismiss (Doc. 25).  The motion is fully briefed and ready for disposition.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5).  For the following reasons, Defendant's Motion will be **GRANTED**.

### I. Legal Standard[1]

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in

---

[1] Defendant alternatively moves to dismiss Plaintiff's claims as indicated below pursuant to Federal Rule of Civil Procedure 56 (*See* Doc. 25).  However, the Court finds that it need not look beyond the corners of the Amended Complaint and the accompanying, necessarily embraced documents to address the current motion.  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal citation omitted) ("Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.").  Further, public records can be considered without such a conversion becoming necessary.  Administrative records have consistently been deemed public records and have been considered on motions to dismiss.  *See, e.g., Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002).  Accordingly, the Court will proceed pursuant to Federal Rule of Civil Procedure 12(b)(6).

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

"A *pro se* complaint must be liberally construed, and *pro se* litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (emphasis in original) (internal quotation marks and citation omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even *pro se* complaints are required to "allege facts which, if true,

state a claim for relief as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. Background

On December 13, 2019, *pro se* Plaintiff Jennifer M. Smith ("Smith") filed an employment discrimination action against Defendant Andrew M. Saul ("Defendant"), Commissioner of the Social Security Administration ("the Agency") (Doc. 1). After the final resolution of several service issues, Defendant answered Smith's Complaint and filed a Motion to Dismiss on June 17, 2020 (Docs. 14, 15). Upon the filing of Smith's Amended Complaint, the Court denied that Motion to Dismiss as Moot (Docs. 23, 24). Defendant subsequently filed a second Motion to Dismiss, currently before the Court (Doc. 25).

In her First Amended Complaint, Smith, raises employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the Whistleblower Protection Act, and the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No Fear Act"). The underlying facts as alleged in the Amended Complaint are as follows. Smith was a Claims Specialist at the Agency's Union, Missouri Field Office. During the course of her employment, Smith's supervisor placed her on an Opportunity to Perform Successfully ("OPS") plan, giving her 120 days to improve on the timely completion of her workload. On September 5, 2017, Smith filed an Equal Employment Opportunity ("EEO") complaint alleging the Agency discriminated against her because of reprisal for her participation in protected EEO activity when on May 16, 2017, she received a low rating on her performance appraisal following her OPS period (Doc. 1-1). Smith argued that she was placed under scrutiny regarding her work performance after she gave a statement in another employee's

EEO complaint. On September 28, 2017, Smith was issued a termination notice. Smith now brings claims for discrimination based on reprisal for her prior protective activity that she failed to complete an OPS plan ("Claim 1") and for her September 2017 removal ("Claim 2"). Smith also raises a harassment claim based on several events occurring from approximately July 2016 through September 2017 ("Claim 3").

In Defendant's second Motion to Dismiss, Defendant requests the Court dismiss all of Smith's claims set forth in her Amended Complaint with the exception of Smith's claim that the Agency engaged in reprisal for prior protected activity when it determined in May 2017 that Smith failed to successfully complete her OPS plan (Doc. 25). Defendant asserts that Smith failed to timely bring before this Court her claim challenging the Agency's subsequent decision to remove her from her position for poor performance. Specifically, Defendant details Smith's appeal to the Merit Systems Protection Board ("MSPB") regarding her termination and its decision which became final on February 5, 2019. Defendant argues that because Smith failed to appeal the decision within 30 days, any claim regarding the issue is untimely. Defendant further argues that Smith failed to file an administrative complaint or otherwise exhaust her administrative remedies as to all but her claim that the Agency engaged in reprisal for prior protected activity when it determined in May 2017 that Smith failed to successfully complete her OPS plan.

In her brief response, Smith requests that Court deny Defendant's Motion to Dismiss with the exception of one claim—"the claim that the Social security Administration (SSA) engaged in reprisal for prior protected activity when SSA determined in May 2017 that the Opportunity to Perform Successfully (OPS) period was completed unsuccessfully" (Doc. 36). While Smith

acknowledges that her claims must be related to an administrative process, she argues that "Defendant should not be allowed to pick out only the middle portion of the mandated chronological SSA actions to be argued in this suit" (*Id.* at 2). Smith states that she was unaware that it was mandatory to make amendments to her original EEO complaint. Thus, Smith requests the Court allow her to include in this suit the natural progression of the OPS process in its entirety including the performance period and the subsequent termination.

Defendant, referring the Court to his Motion to Dismiss, replies that Smith may have erroneously requested that the Court dismiss the one proper claim for which she exhausted her administrative remedies (Doc. 37).

### III. Analysis

As a preliminary matter, while Defendant details Smith's appeal of her termination to the Merit Systems Protection Board, the Court need not address this review process as Smith fails to raise it in her Amended Complaint. Indeed, Smith's allegations and her response to the current motion focus solely on her EEO Complaint. Alternatively, as correctly indicated by Defendant, Smith failed to timely file an appeal within 30 days of the Board's February 5, 2019 final decision and the claim is, regardless, untimely. 5 U.S.C. § 7703(b)(2) (when an employee challenges an adverse employment action based on discrimination, she must appeal MSPB's decision to district court within 30 days after receiving notice of the judicially reviewable action).[2]

---

[2] As Defendant correctly notes, Smith's removal claim (Claim 2) could also be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). While the Eighth Circuit Court of Appeals has not explicitly ruled whether the thirty-day time limit of 5 U.S.C. § 7703(b)(2) is jurisdictional or subject to equitable tolling and, thus nonjurisdictional, at least one other circuit has so found. *See James v. U.S. Postal Serv.*, 835

Next, Smith failed to exhaust her administrative remedies as to her claims regarding her termination (Claim 2) and alleged harassment (Claim 3). "Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." *McAlister v. Secretary of Health & Human Servs.,* 900 F.2d 157, 158 (8th Cir. 1990). For federal employees, the exhaustion of administrative remedies requires compliance with the requirements of 29 C.F.R. § 1614.105(a)(1). *Burkett v. Glickman,* 327 F.3d 658, 660 (8th Cir. 2003). The first step toward exhaustion is initiating contact with an EEO counselor within forty-five days of the alleged discriminatory conduct. *Id.* (citing 29 C.F.R. § 1614.105(a)(1)). "If the matter cannot be resolved informally with the help of the counselor," then the federal employee may "file a formal EEO complaint with the agency." *Id.* (citing 29 C.F.R. § 1614.106). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice that must be individually addressed before the EEOC." *Voss v. Hous. Auth. of the City of Magnolia, Arkansas*, 917 F.3d 618, 623 (8th Cir. 2019) (internal quotation marks omitted). Additionally, discrete acts such as termination, failure to promote, denial or transfer, or refusal to hire are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 670 (8th Cir. 2006) (citation omitted).

Here, Smith's formal EEO complaint only addresses her claim that the Agency discriminated against her on the basis of reprisal for prior protected activity when it was

---

F.2d 1265, 1266 (8th Cir. 1988) (listing cases); *Glarner v. U.S., Dep't of Veterans Admin.,* 30 F.3d 697, 701 (6th Cir. 1994). The Court, however, need not address the jurisdictional issue as Smith failed to address the MSPB's administrative process in her Amended Complaint and, even if she had, the claim would not survive as it is untimely and the Court cannot find any reason to equitably toll the time limit.

determined that she failed to successfully complete her OPS plan. Smith failed to amend the EEO complaint to include her subsequent termination and failed to timely appeal her MSPB determination regarding the matter. While the Court is cognizant that Smith was unaware of her duty to amend the formal EEO complaint, failure to do so cannot be excused based on lack of knowledge alone. Smith must have attempted to amend the charge or to pursue a claim that the EEOC refused or failed to accept as an amendment to the charge. *See Wilkes v. Nucor-Yamato Steel Co.*, No. 3:14-CV-00224-KGB, 2015 WL 5725771, at *11 (E.D. Ark. Sept. 29, 2015) (citing *Boge v. Ringland-JohnsonCrowley Co.*, 976 F.2d 448, 451-52 (8th Cir. 1992)) (listing district court cases within the Eighth Circuit in support of this proposition). Further, although Smith argues that the harassment she suffered relates to her OPS plan and subsequent termination, Smith offers very little detail regarding the harassment and did not raise the allegations of harassment in her EEO complaint. Claims of harassment not included in the EEO complaint are deemed unexhausted even if related to an employment action as the action itself is considered a discrete event whereas harassment is more pervasive such that it may not be reasonably expected to stem from the original charge. *See Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) ("The sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination."). Therefore, because Claims 2 and 3 are unexhausted, the Court must dismiss them both, without prejudice.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Andrew M. Saul's Motion to Dismiss (Doc. 25) is **GRANTED**.  Claims 2 and 3 regarding Smith's termination and alleged harassment are hereby **DISMISSED, without prejudice**.  Remaining before the Court is Smith's claim that she was discriminated against in reprisal for prior protected activity when in May 2017 she failed to successfully complete her OPS plan (Claim 1).

**IT IS FURTHER ORDERED** that this matter will be set for a Rule 16 Conference by separate order.

Dated this 25th day of February, 2021.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE